## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF WISCONSIN
## MILWAUKEE DIVISION

| | |
|---|---|
| ROBIN BETZ, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> vs. <br><br> HEMMER LAW OFFICES, LLC, <br><br> Defendant. | Case No.: 17-cv-1369 <br><br> **CLASS ACTION COMPLAINT** <br><br> **Jury Trial Demanded** |

## INTRODUCTION

1. This class action seeks redress for collection practices that violate the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (the "FDCPA"), and the Wisconsin Consumer Act, chapter 427, Wisconsin Statutes (the "WCA").

## JURISDICTION AND VENUE

2. The court has jurisdiction to grant the relief sought by the Plaintiff pursuant to 15 U.S.C. § 1692k and 28 U.S.C. §§ 1331, 1337 and 1367. Venue in this District is proper in that Defendant directed its collection efforts into the District.

## PARTIES

3. Plaintiff Robin Betz is an individual who resides in the Eastern District of Wisconsin (Milwaukee County).

4. Plaintiff is a "consumer" as defined in the FDCPA, 15 U.S.C. § 1692a(3), in that Defendant sought to collect from Plaintiff a debt allegedly incurred for personal, family, or household purposes, specifically, an alleged bill for medical care.

5. Plaintiff is also a "customer" as defined in the Wisconsin Consumer Act, Wis. Stat. § 421.301(17), in that the alleged debt allegedly arose from one or more consumer transactions that included agreements to defer payment.

6. Defendant Hemmer Law Offices, LLC ("Hemmer") is a law firm with its principal place of business located at 5232 W. Oklahoma Ave., Suite 220, Milwaukee, Wisconsin 53219-4598.

7. Hemmer is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

8. Hemmer is engaged in the business of collecting debts owed to others and incurred for personal, family, or household purposes. Hemmer is a debt collector as defined in 15 U.S.C. § 1692a and Wis. Stat. § 427.103(3).

**FACTS**

9. On or about June 28, 2017, Plaintiff received a debt collection letter from Hemmer. A copy of this letter is attached to this complaint as Exhibit A.

10. Exhibit A seeks to collect a debt allegedly owed to "Drs. Stiglitz & Young, S.C." ("DSY").

11. Upon information and belief, Exhibit A seeks to collect an alleged debt incurred for medical services.

12. Plaintiff was not required to pay for the medical services at the time services were rendered. Instead, DSY mailed a bill several days or weeks after the dates of service. Thus, payment was deferred by agreement. *See Tylke v. Advanced Pain Mgmt., S.C.*, Case No. 14cv5354 (Milwaukee Co. Cir. Ct., Dec. 11, 2014) ("Any time a merchant sends a bill for goods or services after a consumer transaction has taken place, there is an 'agreement to defer payment'").

2

13. Upon information and belief, <u>Exhibit A</u> is a form letter, generated by computer, and with the information specific to Plaintiff inserted by computer.

14. <u>Exhibit A</u> is printed on Hemmer's firm letter head.

15. <u>Exhibit A</u> identifies the sender as:

**PETER C. HEMMER**
Attorney at Law

16. <u>Exhibit A</u> appears to be hand-signed by Attorney Hemmer.

17. The letter Defendant sent to Plaintiff (<u>Exhibit A</u>) also includes the following text in the letterhead:

**PETER C. HEMMER**
*Supplemental Court Commissioner*

18. Including the title of Court Commissioner on a debt collection letter is misleading and confusing to the unsophisticated consumer and is an unfair practice.

19. The term "Court Commissioner" on <u>Exhibit A</u> implies to the unsophisticated consumer that the attorney collecting the debt is acting as a court commissioner in connection with the collection of the consumer's debt.

20. Consumers, especially those who have been involved in small claims actions, understand that a court commissioner acts like a judge in small claims cases, presiding over the trial and rendering a decision.

21. The consumer would wonder how he could possibly successfully contest the debt when a local judge or court commissioner is representing the other side.

22. The unsophisticated consumer is not expected to understand that an attorney who is a supplemental court commissioner cannot serve as a court commissioner in that consumer's particular case. *See* Wis. Stat. § 757.23 (requiring disqualification); SCR 60.04(4)(e)(2).

23. Including the title of Court Commissioner on a debt collection letter is a material FDCPA and WCA violation, similar to actions in which unlicensed, out-of-state debt collectors falsely claim to be licensed by the Division of Banking. *See, eg. Radaj v. ARS Nat. Services, Inc.*, No. 05 C 773, 2006 U.S. Dist. LEXIS 68883 at *10; 2006 WL 2620394 at *3 (E.D. Wis. Sep. 12, 2006) ("It suggests that [the debt collector] has been approved by the state, thereby enhancing in the mind of the unsophisticated consumer [the debt collector's] legitimacy and power to collect the debt."); *Seeger v. Aid Assocs.*, 2007 U.S. Dist. LEXIS 22824 at *13, 2007 WL 1029528 (E.D. Wis. Mar. 29, 2007) ("this court believes that the false statement used by Plaza that it was licensed by the state of Wisconsin, is precisely the kind of misrepresentation that Congress sought to prohibit when it passed the FDCPA.").

24. Additionally, Exhibit A contradicts itself as to the amount of the debt. In the subject line of the letter, Exhibit A indicates that the "Balance Due" is $1,285.80. Meanwhile, in the body of the letter, Exhibit A states "[t]he amount of the debt is $1,285.50."

25. Because of this contradiction, the unsophisticated consumer would be confused as to the amount owed.

26. Such misrepresentations are material because they mislead the unsophisticated consumer about the amount and character of the debt. 15 U.S.C. § 1692e(2)(a).

27. The Seventh Circuit has held that a debt collector must state the amount of the debt without "obscur[ing] it by adding confusing other information (or misinformation)." *Miller v. McCalla, Raymer, Padrick, Cobb, Nichols, & Clark, L.L.C.*, 214 F.3d 872, 2000 U.S. App.

LEXIS 12178 (7th Cir. Ill. 2000); *Marshall-Mosby v. Corporate Receivables, Inc.*, 205 F.3d 323, 326 (7th Cir. 2000); *Bartlett v. Heibl*, 128 F.3d 497, 500 (7th Cir. 1997).

28. Plaintiff was confused by Exhibit A.

29. The unsophisticated consumer would be confused by Exhibit A.

30. Plaintiff had to spend time and money investigating Exhibit A, and the consequences of any potential responses to Exhibit A.

31. Plaintiff had to take time to obtain and meet with counsel, including traveling to counsel's office by car and its related expenses, including but not limited to the cost of gasoline and mileage, to advise Plaintiff on the consequences of Exhibit A.

32. The FDCPA creates substantive rights for consumers; violations cause injury to consumers, and such injuries are concrete and particularized. *Bock v. Pressler & Pressler, LLP*, No. 11-7593, 2017 U.S. Dist. LEXIS 81058 *21 (D.N.J. May 25, 2017) ("through [s]ection 1692e of the FDCPA, Congress established 'an enforceable right to truthful information concerning' debt collection practices, a decision that 'was undoubtedly influenced by congressional awareness that the intentional provision of misinformation' related to such practices, 'contribute[s] to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy,'"); violations cause injury to consumers, and such injuries are concrete and particularized. *Quinn v. Specialized Loan Servicing, LLC*, No. 16 C 2021, 2016 U.S. Dist. LEXIS 107299 *8-13 (N.D. Ill. Aug. 11, 2016) (rejecting challenge to Plaintiff's standing based upon alleged FDCPA statutory violation); *Lane v. Bayview Loan Servicing, LLC*, No. 15 C 10446, 2016 U.S. Dist. LEXIS 89258 *9-10 (N.D. Ill. July 11, 2016) ("When a federal statute is violated, and especially when Congress has created a cause of action for its violation, by definition Congress has created a legally protected interest that it deems

5

important enough for a lawsuit."); *Church v. Accretive Health, Inc.*, No. 15-15708, 2016 U.S. App. LEXIS 12414 *7-11 (11th Cir. July 6, 2016) (same); *see also Mogg v. Jacobs*, No. 15-CV-1142-JPG-DGW, 2016 U.S. Dist. LEXIS 33229, 2016 WL 1029396, at *5 (S.D. Ill. Mar. 15, 2016) ("Congress does have the power to enact statutes creating legal rights, the invasion of which creates standing, even though no injury would exist without the statute," (quoting *Sterk v. Redbox Automated Retail, LLC*, 770 F.3d 618, 623 (7th Cir. 2014)). For this reason, and to encourage consumers to bring FDCPA actions, Congress authorized an award of statutory damages for violations. 15 U.S.C. § 1692k(a).

33. Moreover, Congress has explicitly described the FDCPA as regulating "abusive practices" in debt collection. 15 U.S.C. §§ 1692(a) – 1692(e). Any person who receives a debt collection letter containing a violation of the FDCPA is a victim of abusive practices. *See* 15 U.S.C. §§ 1692(e) ("It is the purpose of this subchapter to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses").

34. 15 U.S.C. § 1692e generally prohibits "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

35. 15 U.S.C. § 1692e(1) specifically prohibits the false representation that "the debt collector is vouched for, bonded by, or affiliated with the United States or any State, including the use of any badge, uniform, or facsimile thereof."

36. 15 U.S.C. § 1692e(2)(A) specifically prohibits the false representation of "the character, amount, or legal status of any debt."

37. 15 U.S.C. § 1692e(9) specifically prohibits "the use or distribution of any written communication which simulates or is falsely represented to be a document authorized, issued, or approved by any court, official, or agency of the United States or any State, or which creates a false impression as to its source, authorization, or approval."

38. 15 U.S.C. § 1692f generally prohibits "unfair or unconscionable means to collect or attempt to collect any debt."

39. 15 U.S.C. § 1692g(a)(1) requires that a debt collector, within five days after the initial communication with a consumer in connection with the collection of any debt, send written notice of the amount of the debt.

40. Consumers' WCA claims against debt collectors under Wis. Stat. § 427.104(1) are analyzed using the same methods as claims under the FDCPA. Federal courts in this District and the state courts in Wisconsin generally look to FDCPA case law for guidance. Indeed, the WCA itself requires that the court analyze the WCA "in accordance with the policies underlying a federal consumer credit protection act," including the FDCPA. Wis. Stat. § 421.102(1).

41. Further, the Wisconsin Supreme Court has held that WCA claims relating to debt collection are to be analyzed under the "unsophisticated consumer" standard. *Brunton v. Nuvell Credit Corp.*, 785 N.W.2d 302, 314-15. In *Brunton*, the Wisconsin Supreme Court explicitly adopted and followed the "unsophisticated consumer" standard, citing and discussing *Gammon v. GC Servs. Ltd. P'ship*, 27 F.3d 1254, 1257 (7th Cir. 1994). *Id*.

## COUNT I – FDCPA

42. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

7

43. <u>Exhibit A</u> identifies the sender, Attorney Hemmer, as a "Supplemental Court Commissioner."

44. The unsophisticated consumer would be confused and would believe that Attorney Hemmer was authorized to serve as a supplemental court commissioner in regard to the consumer's debt, while also collecting the alleged debt.

45. The unsophisticated consumer would be discouraged from disputing the debt or defending himself in court, believing that contesting the debt would be futile since the opposing attorney is a court commissioner.

46. Defendant violated 15 U.S.C. §§ 1692e, 1692e(1) and 1692e(9) by misleading consumers about Hemmer's role in the collection of the consumers' debts.

## COUNT II – WCA

47. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

48. The alleged underlying transaction, i.e. physicians' services, was a consumer transaction with an agreement to defer payment.

49. Wis. Stat. § 427.104(1)(k) specifically prohibits a debt collector from using "a communication which simulates legal or judicial process or which gives the appearance of being authorized, issued or approved by a government, governmental agency or attorney−at−law when it is not."

50. By using a letter which confusingly represented Hemmer's status as a supplemental court commissioner in <u>Exhibit A</u>, when Hemmer could not serve as both a court commissioner and adversary in the same action, Defendant used a communication which gave the appearance of being authorized or approved by a governmental agency (the Court).

51. The unsophisticated consumer would be discouraged from disputing the debt, believing that contesting the debt would be futile since the opposing attorney is a court commissioner.

52. Defendant violated Wis. Stat. § 427.104(1)(k).

## COUNT III - FDCPA

53. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

54. By making contradictory representations as to the amount of the debt, <u>Exhibit A</u> misstates the amount of the debt and thereby fails to provide adequate notice as to that amount.

55. Because of this misrepresentation, <u>Exhibit A</u> would be misleading to the unsophisticated consumer as to the amount actually owed.

56. Defendant therefore violated 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692g, 1692(a)(1).

## CLASS ALLEGATIONS

57. Plaintiff brings this action on behalf of a Class, consisting of (a) all natural persons in the State of Wisconsin (b) who were sent a collection letter by Hemmer in the form of <u>Exhibit A</u> to the complaint in this action, (c) stating that Hemmer is a "Supplemental Court Commissioner," (d) seeking to collect a debt for personal, family or household purposes, (e) between October 9, 2016 and October 9, 2017, inclusive, (f) that was not returned by the postal service.

58. The Class is so numerous that joinder is impracticable. Upon information and belief, there are more than 50 members of the Class.

59. There are questions of law and fact common to the members of the class, which common questions predominate over any questions that affect only individual class members. The predominant common question is whether <u>Exhibit A</u> violates the FDCPA and/or the WCA.

60. Plaintiff's claims are typical of the claims of the Class members. All are based on the same factual and legal theories.

61. Plaintiff will fairly and adequately represent the interests of the Class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

62. A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible.

## JURY DEMAND

63. Plaintiff hereby demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the Class and against Defendant for:

(a) actual damages;

(b) statutory damages;

(c) attorneys' fees, litigation expenses and costs of suit; and

(d) such other or further relief as the Court deems proper.

Dated: October 9, 2017

**ADEMI & O'REILLY, LLP**

By: /s/ John D. Blythin
Shpetim Ademi (SBN 1026973)
John D. Blythin (SBN 1046105)
Mark A. Eldridge (SBN 1089944)
3620 East Layton Avenue
Cudahy, WI 53110

(414) 482-8000
(414) 482-8001 (fax)
sademi@ademilaw.com
jblythin@ademilaw.com
meldridge@ademilaw.com